' CLARK, J.,
concurring in part and dissenting in part.
hi concur with the majority in the denial of the respondent’s application for readmission. I dissent, however, to the majority’s allowing 'respondent to reapply for readmission in two years. He-lacks the honesty and integrity'required to practice law.
In October of 2007, this Court disbarred the respondent due to his having misappropriated large sums of money from the law firms which employed him. Between 1987 and 1996, respondent misappropriated approximately $15,000 from the firm of . Lowe, Stein, Hoffman, Allweiss & Hauver, which his clients had paid to him directly *42 for legal services rendered. Respondent cashed these checks and did not turn over the money to the firm.
After leaving Lowe Stein, respondent did not take money belonging to his new firm, Sessions, Fishman & Nathan, for several years after he first began working in 1996. However, in 2001, respondent began sending clients billing statements on his personal letterhead stationery. The billing statements were not handled through the Sessions Fishman accounting department, and the firm had no knowledge that respondent had done any work for these clients because he did not enter his hours in the firms timekeeping system. Respondent would then receive the check from the client, cash it, and keep the money for himself. The total of the misappropriated funds in this instance was $15,000 to $20,000.
|2In disbarring respondent, this Court stated:
The record of this case demonstrates to us that respondent has not acted with candor or honesty during his career as a lawyer. Considering the fifteen-year history of deceit and dishonesty evidenced by this record, we would be remiss in our duty to protect the public if we accepted respondents self-serving as-sei’tion that it wont happen again.
In re: Bernstein, 07-1049 (La.10/16/07), 966 So.2d 537, 545. Based upon respondent’s prior record of “deceit and dishonesty,” I believe respondent should have been permanently disbarred. For that reason, I disagree that he should be allowed to reapply for readmission to the bar in two years.